IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL TOMLINSON and SHERRY TOMLINSON, | : : : | CIVIL ACTION |
| Plaintiffs, | : : | NO. 09-3711 |
| v. | : : | |
| BOROUGH OF NORRISTOWN, POLICE OFFICER LORI KOCH, and POLICE OFFICER BEN LERMAN | : : : : | |
| Defendants. | : : | |

## MEMORANDUM ON MOTION FOR PARTIAL DISMISSAL

**Baylson, J.**                                                                                                                            **April 5, 2010**

Plaintiffs Michael and Sherry Tomlinson bring several civil rights claims against Defendants the Borough of Norristown ("Borough"), Police Officer Lori Koch, and Police Officer Ben Lerman (collectively with Koch, "individual Defendants"), arising out of the Tomlinsons' arrests on August 13, 2007.[1] Pending before the Court is Defendants' Motion for Partial Dismissal (Docket No. 3), which is largely unopposed (see Resp. to Dismissal Mot. 1, Docket No. 6 ("Resp."); Defs.' Supp. Letter Br. 1 (on file with the Court).) For the reasons that

---

[1] The Complaint contends that the arrest occurred on August 13, 2009. (Compl. ¶ 10, Docket No. 1.) Plaintiffs, however, appended to their Response to Defendants' Motion for Partial Dismissal, a newspaper article concerning the arrest that dates from August 18, 2007. (Resp. to Dismissal Mot. 1, Ex. A, Docket No. 6 ("Resp.").) Defendants then appended to their Reply to Plaintiffs' Response Sherry Tomlinson's non-traffic citation docket, which indicates that she was charged with disorderly conduct on August 13, 2007, and Michael Tomlinson's criminal docket and sentence, which indicate that he was charged on August 14, 2007. (Reply Ex. A, Docket No. 9.) Moreover, the Complaint was filed on August 13, 2009, and describes events that occurred both on the day of the arrest as well as the day after, thereby confirming that the arrest happened prior to August 13, 2009. As a result, it appears that Plaintiffs were arrested on August 13, 2007, not August 13, 2009. In a supplemental letter brief to the Court, Plaintiffs stated that they "do not contest that the arrest in question occurred on August 13, 2007." (Pls.' Supp. Letter Br. 1 (on file with the Court).)

follow, the Motion will be granted.

I.      **<u>Factual and Procedural Background</u>**

The relevant facts, construed in favor of Plaintiffs, are set forth below. Plaintiffs are African-American residents of this district. (Compl. ¶ 1, Docket No. 1.) Defendant the Borough of Norristown, a municipality of the Commonwealth of Pennsylvania, operates and controls the Norristown Police Department. (Compl. ¶ 2.) Defendants Lori Koch and Ben Lerman are and were at all times relevant to the Complaint, Norristown Police Officers. (Compl. ¶ 3.)

On August 13, 2007, Officers Koch and Lerman responded to a call reporting people allegedly smoking marijuana in the vicinity of Plaintiffs' home. (Compl. ¶¶ 13-14; see supra n.1 (explaining why the date of the incident was August 13, 2007).) Officers Koch and Lerman encountered Michael Tomlinson at the rear of his property, and "[w]ithout provocation, justification or excuse," allegedly beat and punched him, sprayed him with mace, and dragged him by his hair towards the police car. (Compl. ¶ 14.) Sherry Tomlinson was alerted to the situation. (Compl. ¶ 15.) When she inquired as to why the Officers were beating her husband, she was allegedly attacked, placed in a choke hold, and scratched, by Officer Koch. (Compl. ¶ 15.) Michael Tomlinson was arrested and held overnight for approximately twelve hours, before being brought before a Judge the next morning. (Compl. ¶ 16.)

On August 13, 2009, Plaintiffs filed their Complaint, which brings six claims. First, Plaintiffs allege that all Defendants, "acting in concert and conspiracy," used excessive force on Plaintiffs (Count I), falsely arrested and/or imprisoned Plaintiffs (Count II), invaded Plaintiffs' privacy or cast them in a false light (Count III), and inflicted emotional distress upon Plaintiffs (Count IV). (Compl. ¶¶ 22–34.) The Complaint then alleges that the Borough failed to

adequately train or control Officers Koch and Lerman (Count V), and that those officers infringed upon Plaintiffs' Due Process and Equal Protection rights (Count VI). (Compl. ¶¶ 35–46.) For each Count, Plaintiffs seek compensatory and punitive damages. (Compl. ¶¶ 25, 29, 34, 38, 43, & 46.)

On December 29, 2009, Defendants filed their Motion for Partial Dismissal.

## II.    The Parties' Contentions

Defendants' Motion for Partial Dismissal first contends that all punitive damages claims against the Borough should be dismissed, because neither federal nor Pennsylvania law purportedly permit the recovery of punitive damages in claims brought against local agency officials. (Partial Dismissal Mot. 3.) Defendants next aver that under Pennsylvania law, the Borough is immune from any tort liability, and Officers Koch and Lerman, are immune from tort negligence liability. (Partial Dismissal Mot. 3-5.) Defendants thereby conclude that any state tort claims against the Borough, and the negligent infliction of emotional distress claims brought against the Officers in their official capacity, must be dismissed. (Partial Dismissal 3-6.)

Then, Defendants argue that Michael Tomlinson cannot make out a claim for false arrest or false imprisonment, because he purportedly admitted that he was found guilty of more than one of the crimes with which he was charged following his arrest, and he cannot collaterally attack his conviction through this civil action. (Partial Dismissal 5-6.) Finally, Defendants contend that Plaintiffs' invasion of privacy and false light claims should be dismissed. (Partial Dismissal 6-9.) Defendants aver that federal law does not recognize a right to privacy respecting the public dissemination of an arrest record or the information concerning an arrest, and that state law does not protect a plaintiff from having criminal charges filed against him or having a

3

criminal investigation publicized. (Partial Dismissal 6-9.)

In response, Plaintiffs only contend that the Court should not dismiss "Plaintiff Sherry Tomlinson's claims in Count III . . . for invasion of privacy and false light." (Resp. 1.) According to Plaintiffs, Defendants "ignore the fact that the incident and Ms. Tomlinson's arrest were publicized beyond the public criminal docket as reflected in the newspaper article" that Plaintiffs appended to their Response. (Resp. 2.) Plaintiffs conclude that "it would be premature at this stage of the litigation" to dismiss Sherry Tomlinson's invasion of privacy and false light claim. (Resp. 2.)

Defendants reply that Plaintiffs' appended article makes it "apparent that [their] arrest occurred on August 13, 2007, rather than August 13, 2009 as pleaded in Plaintiffs' Complaint." (Reply 1.) Defendants further aver that Plaintiffs' invasion of privacy and false light claims are barred by Pennsylvania's applicable one-year statute of limitations. (Reply 1.) Appended to Defendants' Reply are Sherry Tomlinson's non-traffic citation docket, which indicates that she was charged with disorderly conduct on August 13, 2007, and Michael Tomlinson's criminal docket and sentence, which indicate that he was charged on August 14, 2007. (Reply, Ex. A.)

In a supplemental letter brief addressed to the Court, Plaintiffs clarified that they "do not contest that the arrest in question occurred on August 13, 2007, and that the statute of limitations for the Pennsylvania state law claim of invasion of privacy/false light is one(1) year." (Pls.' Supp. Letter Br. 1.)

III. **Legal Standard**

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox,

4

Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Iqbal clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), which required a heightened degree of fact pleading in an antitrust case, "expounded the pleading standard for 'all civil actions.'" 129 S. Ct. at 1953.

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n.3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).

**IV.   Analysis**

Defendants seek to dismiss the following sets of claims: (A) all punitive damages claims against the Borough (Count I–IV, VI); (B) any state law tort claims brought against the Borough (Counts I–VI); (C) any intentional infliction of emotional distress claims under state law that are

5

brought against the Officers in their official capacity (Count IV); (D) Michael Tomlinson's false arrest and false imprisonment claim (Count II); and (E) the invasion of privacy and false light claims (Count III). In responding to Defendants' Motion for Partial Dismissal, Plaintiffs "concede that there are grounds to grant the Motion for Partial Dismissal, except with respect to Plaintiff Sherry Tomlinson's claims in Count III . . . for invasion of privacy and false light." (Resp. 1.) As a result, Defendants' Motion is unopposed with respect to the first four sets of claims. Under Local Civil Rule 7.1(c),[2] this Court will exercise its discretion to grant Defendants' Motion as to these four sets of claims.[3]

---

[2]Local Civil Rule 7.1(c) provides, in relevant part:

Every motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion. . . . [A]ny party opposing the motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested except that a summary judgment motion, to which there has been no timely response, will be governed by Fed. R. Civ. P. 56(c).

[3]Respecting, Michael Tomlinson's false arrest and false imprisonment claims, the Court notes that it is far from clear that a judgment in his favor would necessarily call into question the validity of his conviction or sentence, as Defendants assert (Partial Dismissal Mot. 5). In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87 (footnote omitted). The Heck Court required district courts to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487.
    In this case, Plaintiffs concede that Michael Tomlinson was convicted of several crimes arising out of his arrest by Officers Koch and Lerman. (Compl. ¶ 11.) Plaintiffs have not contended that his conviction has been reversed, nor do they object to dismissing his false arrest

6

As for Plaintiffs' invasion of privacy and false light claims, Defendants seek to dismiss these on statute of limitations and substantive grounds (Reply 1; Partial Dismissal Mot. 6-9), and Plaintiffs oppose this with respect to Sherry Tomlinson's invasion of privacy and false light claims. Subsequently, Plaintiffs filed a letter brief with the Court stating that they "do not contest that the arrest in question occurred on August 13, 2007, and that the statute of limitations for the Pennsylvania state law claim of invasion of privacy/false light is one (1) year." (Pls.' Supp. Letter Br. 1.) Turning first to the statute of limitations, Pennsylvania provides that "[a]n action for libel, slander or invasion of privacy" "must be commenced within one year." 42 Pa. Cons. Stat. Ann. § 5523. As already discussed, the Court has determined, and the parties do not contest, that Plaintiffs were arrested on August 13, 2007, and Sherry Tomlinson asserts that she was slandered in an August 18, 2007 newspaper article (Resp., Ex. A). Plaintiffs, however, did not file suit until August 13, 2009, close to two years after the events in question. As a result, Pennsylvania's one-year statute of limitations bars Plaintiffs' invasion of privacy and false light claims. Accordingly, the Court will dismiss Count III of the Complaint, and need not consider Defendants' substantive arguments.

---

and false imprisonment claims (Resp. 1). The Third Circuit, however, has made clear that Heck "does not apply to claims of false arrest because a successful claim for false arrest does not necessarily invalidate a conviction and sentence resulting from that arrest." Cook v. Layton, 299 F. App'x 173, 174 n.2 (3d Cir. 2008); see also Gibson v. Superintendent of NJ Dep't of Law & Pub. Safety, 411 F.3d 427, 450 (3d Cir. 2005) (explaining that in some § 1983 cases, the false arrest claims do not "necessarily imply" the invalidity of the defendants' convictions); Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998) ("[C]laims for false arrest and false imprisonment are not the type of claims contemplated by the Court in Heck which necessarily implicate the validity of a conviction or sentence.").

Although Michael Tomlinson appears to have been convicted and sentenced for crimes relating to obstruction of the law and disorderly conduct (Reply, Ex. A), neither party has detailed the crimes of which Michael Tomlinson was convicted, nor have Plaintiffs explained their theories supporting their false arrest and false imprisonment claims. Absent such information, the Court cannot evaluate whether a judgment in Michael Tomlinson's favor on his false arrest and false imprisonment.

## V. Conclusion

For the reasons detailed above, Defendants' Motion for Partial Dismissal is granted. Upon reviewing the parties' supplemental briefing, the Court finds that the following of Plaintiffs' claims remain:

1. Plaintiffs' claims in Count I, including punitive damages claims, against the individual Defendants acting in their individual capacities,

2. Plaintiff Sherry Tomlinson's claims in Count II, including punitive damages claims, against the individual Defendants acting in their individual capacities,

3. Plaintiffs' claims in Count IV, including punitive damages claims, against the individual Defendants in their individual capacities,

4. Plaintiffs' claims in Count V, excluding punitive damages claims and any negligence claims against the Borough, and

5. Plaintiffs' claims in Count VI against the individual officers acting in their individual and official capacities.

(See Pls.' Supp. Letter Br. 1; Defs.' Supp. Letter Br. 1.) An appropriate Order, follows.

O:\CIVIL 09-10\09-3711 Tomlinson v. Borough of Norristown\Tomlinson - Partial Dismissal Memo.wpd